**Form 3015-1 - Chapter 13 Plan**

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

In re:
**Mark Joseph Pigman**

**CHAPTER 13 PLAN-MODIFIED**

Dated: **November 14, 2017**

DEBTOR      Case No. **17-50586**

*In a joint case,*
*debtor means debtors in this plan.*

1. **DEBTOR'S PAYMENTS TO THE TRUSTEE —**
   a. As of the date of this plan, the debtor has paid the trustee $ **650.00** .
   b. After the date of this plan, the debtor will pay the trustee $ **650.00** per **Month** for **59** months, **beginning November 2017**, for a total of $ **38,350.00** . The minimum plan payment length is **X** 36 or __ 60 months from the date of the initial plan payment unless all allowed claims are paid in a shorter time.
   c. The debtor will also pay the trustee __
   d. The debtor will pay the trustee a total of $ **39,000.00** [line 1(a) + line 1(b) + line 1(c)].

2. **PAYMENTS BY TRUSTEE** — The trustee will pay from available funds only creditors for which proof of claim have been filed. The trustee may collect a fee of up to 10% of plan payments, or $ **3,900.00** , [line 1(d) x .10].

3. **ADEQUATE PROTECTION PAYMENTS [§ 1326(a)(1)(C)]** — The trustee will promptly pay from available funds adequate protection payments to creditors holding allowed claims secured by personal property, according to the following schedule, beginning in month one (1).

   | Creditor | Monthly Payment | Number of Months | Total Payments |
   |---|---|---|---|
   | -NONE- | $ | | $ |
   | a. TOTAL | | | $ 0.00 |

4. **EXECUTORY CONTRACTS AND UNEXPIRED LEASES [§ 365]** — The debtor assumes the following executory contracts or unexpired leases. Cure provisions, if any, are set forth in ¶ 7.

   | Creditor | Description of Property |
   |---|---|
   | a. Lakes Transport | Semi & Trailer Lease |

5. **CLAIMS NOT IN DEFAULT** — Payments on the following claims are current and the debtor will pay the payments that come due after the date the petition was filed directly to the creditors. The creditors will retain liens, if any.

   | Creditor | Description of Property |
   |---|---|
   | a. Seterus Inc | 105 West 2nd St Randall, MN 56475  Morrison County<br>Debtor's Residence: Homestead Real Property<br>Legally Described as:  (See Attached Exhibit A) |

6. **HOME MORTGAGES IN DEFAULT [§ 1322(b)(5) and § 1322(e)]** — The trustee will cure defaults on the following claims secured only by a security interest in real property that is the debtor's principal residence. The debtor will pay the payments that come due after the date the petition was filed directly to the creditors. The creditors will retain liens. *All following entries are estimates.* The trustee will pay the actual amounts of default.

   | Creditor | Amount of Default | Monthly Payment | Beginning in Month # | Number of Payments | TOTAL PAYMENTS |
   |---|---|---|---|---|---|
   | -NONE- | $ | $ | | | $ |
   | a. TOTAL | | | | | $ 0.00 |

7. **CLAIMS IN DEFAULT [§ 1322 (b)(3) and (5) and § 1322(e) ]** — The trustee will cure defaults on the following claims as set forth below. The debtor will pay for the payments that come due after the date the petition was filed directly to the creditors. The creditors will retain liens, if any. *All following entries are estimates, except for interest rate.*

   | Creditor | Amount of Default | Int. rate (if applicable) | Monthly Payment | Beginning in Month # | Number of Payments | TOTAL PAYMENTS |
   |---|---|---|---|---|---|---|
   | -NONE- | $ | | $ | | | $ |
   | a. TOTAL | | | | | | $ 0.00 |

8. **OTHER SECURED CLAIMS; SECURED CLAIM AMOUNT IN PLAN CONTROLS [§ 1325(a)(5)]** — The trustee will pay, on account of the following allowed secured claims, the amount set forth in the "Total Payments" column, below. The creditors will retain liens securing the allowed claims until the earlier of the payment of the underlying debt determined under nonbankruptcy law, or the date of the debtor's discharge. NOTWITHSTANDING A CREDITOR'S PROOF OF CLAIM FILED BEFORE OR AFTER CONFIRMATION, THE AMOUNT LISTED IN THIS PARAGRAPH AS A CREDITOR'S SECURED CLAIM BINDS THE CREDITOR PURSUANT TO 11 U.S.C. § 1327, AND CONFIRMATION OF THE PLAN IS A DETERMINATION OF THE CREDITOR'S ALLOWED SECURED CLAIM.

| | Creditor | Claim Amount | Secured Claim | Int. Rate | Beg. in Mo. # | (Monthly Pmnts) x | (No. of Pmnts) = | Pmnts on Account of Claim + | (Adq. Prot. from ¶ 3) = | TOTAL PAYMENTS |
|---|---|---|---|---|---|---|---|---|---|---|
| a. | Internal Revenue Service | $10,045.00 | $10,045.00 | 4 | 1 | $185.00 | 60 | $11,099.40 | $0.00 | $11,099.40 |
| b. | TOTAL | | | | | | | | | $11,099.40 |

9. **PRIORITY CLAIMS** — The trustee will pay in full all claims entitled to priority under § 507, including the following. *The amounts listed are estimates.* The trustee will pay the amounts actually allowed.

| | Creditor | Estimated Claim | Monthly Payment | Beginning in Month # | Number of Payments | TOTAL PAYMENTS |
|---|---|---|---|---|---|---|
| a. | Attorney Fees | $3,000.00 | $375.00 | 1 | 8 | $3,000.00 |
| b. | Internal Revenue Service | $14,805.83 | Pro rata | Pro rata | Pro rata | $14,805.83 |
| c. | MN Dept of Revenue | $0.00 | | | | $0.00 |
| d. | TOTAL | | | | | $17,805.83 |

10. **SEPARATE CLASSES OF UNSECURED CREDITORS** — In addition to the class of unsecured creditors specified in ¶ 11, there shall be separate classes of non-priority unsecured creditors described as follows:  **-NONE-**
    The trustee will pay the allowed claims of the following creditors. *All entries below are estimates.*

| | Creditor | Interest Rate (if any) | Claim Amount | Monthly Payment | Beginning in Month # | Number of Payments | TOTAL PAYMENTS |
|---|---|---|---|---|---|---|---|
| | -NONE- | | | | | | $ |
| a. | TOTAL | | | | | | $0.00 |

11. **TIMELY FILED UNSECURED CREDITORS** — The trustee will pay holders of nonpriority unsecured claims for which proofs of claim were timely filed the balance of all payments received by the trustee and not paid under ¶ 2, 3, 6, 7, 8, 9 and 10 their pro rata share of approximately $ **6,194.77**   [line 1(d) minus lines 2, 6(a), 7(a), 8(a), 9(d) and 10(a)].

   a. The debtor estimates that the total unsecured claims held by creditors listed in ¶ 8 are $ **0.00** .

   b. The debtor estimates that the debtor's total unsecured claims (excluding those in ¶ 8 and ¶ 10) are $ **61,342.00** .

   c. Total estimated unsecured claims are $ **61,342.00**   [line 11(a) + line 11(b)].

12. **TARDILY-FILED UNSECURED CREDITORS** — All money paid by the debtor to the trustee under ¶ 1, but not distributed by the trustee under ¶ 2, 3, 6, 7, 8, 9, 10 or 11 will be paid to holders of nonpriority unsecured claims for which proofs of claim were tardily filed.

13. **OTHER PROVISIONS** —

    **The debtor will timely file as and when due any and all post-petition federal income tax returns and will timely pay any post-petition federal income taxes.  Should the debtor default on the timely filing of returns and/or payment of federal income taxes, the Internal Revenue Service will be entitled to an <u>ex-parte</u> order for dismissal of this case without notice or hearing on the filing of an affidavit with the Court that attests to such default and also that the Internal Revenue Service had mailed a letter by first class mail to the debtor and debtor's counsel that gave notice of said default and a 30-day period to cure and that such a cure had not been performed.**

    **Internal Revenue Service: Creditor(s) will release liens upon payment of the secured portion of the creditor's claim and debtor's discharge.**

    **Claims filed as secured but for which the plan makes no express provision shall be paid as unsecured claims as set forth in Paragraph 11 above.**

    **A proof of claim may be filed by the Internal Revenue Service (IRS) for a claim against the debtor(s) for taxes that become payable to the IRS post-petition, limited to only the tax year for which the bankruptcy case was filed. The trustee shall pay such claim as submitted as funds are available pursuant to 11 U.S.C. Statute 1305.**

**The debtor shall send the Trustee each year during the Chapter 13 Plan, copies of his/her federal and state income tax returns at the time they are filed.  If the debtor receives a refund from the federal taxing agency but owes the state taxing agency (or vice-versa), the debtor will net the two out and pay the trustee the amount over $1,200 for a single filer, or $2,000 for a joint filer (not including any Earned Income Credit or Working Family Credit). Any additional amounts shall be turned over to the Chapter 13 trustee as additional plan payments.**

**Late filed claims are subject to objection per 11 U.S.C. §502(b)(9).**

14. **SUMMARY OF PAYMENTS** —

| | |
|---|---:|
| Trustee's Fee [Line 2] | $ 3,900.00 |
| Home Mortgage Defaults [Line 6(a)] | $ 0.00 |
| Claims in Default [Line 7(a)] | $ 0.00 |
| Other Secured Claims [Line 8(b)] | $ 11,099.40 |
| Priority Claims [Line 9(d)] | $ 17,805.83 |
| Separate Classes [Line 10(a)] | $ 0.00 |
| Unsecured Creditors [Line 11] | $ 6,194.77 |
| **TOTAL [must equal Line 1(d)]** | $ **39,000.00** |

*Insert Name, Address, Telephone and License Number of Debtor's Attorney:*
**William P. Kain 143005
Kain & Scott, PA
13 7th Avenue South
St. Cloud, MN 56301
320-252-0330
143005**

Signed    **/s/ Mark Joseph Pigman**
**Mark Joseph Pigman**
DEBTOR

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

In re:                                                                                           Bkty. Case No: 17-50586

Mark Joseph Pigman,

        Debtor.

### NOTICE OF CONFIRMATION HEARING

PLEASE TAKE NOTICE that the Confirmation Hearing on the Chapter 13 Plan is scheduled December 11, 2017 at 9:00 a.m., at the U.S. Bankruptcy Court, U.S. Courthouse, Courtroom 2, 4th Floor, 515 West 1st Street, Duluth, Minnesota 55802.

Dated this 14th day of November, 2017.

                                                                                              KAIN & SCOTT, P.A.

                                                                                              /e/ WILLIAM P. KAIN-#143005
                                                                                              Attorney for Debtor
                                                                                              13 Seventh Avenue South
                                                                                              St. Cloud, Minnesota 56301
                                                                                              (320) 252-0330

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

In re:

Mark Joseph Pigman,

Bky: 17-50586
Chapter 13

　　　　Debtor.

**UNSWORN CERTIFICATE OF SERVICE**

　　　　I, Sonja K. Quaintance, declare under penalty of perjury that on November 14, 2017 she caused to be served the Notice of Confirmation Hearing and Modified Chapter 13 Plan via the CM/ECF system to those parties requesting electronic notification and upon all parties in interest at the addresses set forth in the exhibit which is attached hereto, by first class mail.

Dated: November 14, 2017　　　　　　　　　　　　/e/ Sonja K. Quaintance
　　　　　　　　　　　　　　　　　　　　　　　　Sonja K. Quaintance
　　　　　　　　　　　　　　　　　　　　　　　　Kain & Scott, P.A.

CHI ST. GABRIEL'S HEALTH
815 2ND ST SE
LITTLE FALLS MN 56345

INTERNAL REVENUE SERVICE
CENTRALIZED INSOLVENCY
PO BOX 7346
PHILADELPHIA PA 19101-7346

MN DEPT OF REVENUE
ATTN:DENISE JONES
PO BOX 64447
SAINT PAUL MN 55164

ONEMAIN
PO BOX 1010
EVANSVILLE IN 47706

ROYLENE CHAMPEAUX
US ATTORNEY'S OFFICE
300 S 4TH STREET SUITE 600
MINNEAPOLIS MN 55415

SETERUS INC
14523 SW MILLIKAN WAY ST
BEAVERTON OR 97005

SHAPIRO & ZIELKE, LLP
12550 WEST FRONTAGE ROAD
SUITE 200
BURNSVILLE MN 55337

TOM MURCH, CPA
PO BOX 418
EAGLE BEND MN 56446

REVISED 12/15

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re                                                                Case No. 17-50586
    **Mark Joseph Pigman**

    Debtor(s).

## SIGNATURE DECLARATION

☐ PETITION, SCHEDULES & STATEMENTS
☐ CHAPTER 13 PLAN
☐ VOLUNTARY CONVERSION, SCHEDULES AND STATEMENTS
☑ AMENDMENT TO PETITION, SCHEDULES & STATEMENTS
☑ MODIFIED CHAPTER 13 PLAN
☐ OTHER (PLEASE DESCRIBE:_____)

I [We], the undersigned debtor(s) or authorized representative of the debtor, make the following declarations under penalty of perjury:

1. The information I have given my attorney for the electronically filed petition, statements, schedules, amendments, and/or chapter 13 plan, as indicated above, is true and correct;

2. The Social Security Number or Tax Identification Number I have given to my attorney for entry into the court's Case Management/Electronic Case Filing (CM/ECF) system as a part of the electronic commencement of the above-referenced case is true and correct;

3. **[individual debtors only]** If no Social Security Number was provided as described in paragraph 2 above, it is because I do not have a Social Security Number;

4. I consent to my attorney electronically filing with the United States Bankruptcy Court my petition, statements and schedules, amendments, and/or chapter 13 plan, as indicated above, together with a scanned image of this Signature Declaration;

5. My electronic signature contained on the documents filed with the Bankruptcy Court has the same effect as if it were my original signature on those documents; and

6. **[corporate and partnership debtors only]** I have been authorized to file this petition on behalf of the debtor.

Date: _11-17-17_

X _/s/ Mark Pigman_                                    X _____
Signature of Debtor 1 or Authorized                   Signature of Debtor 2
Representative

**Mark Joseph Pigman**
Printed Name of Debtor 1 or                           Printed Name of Debtor 2
Authorized Representative